## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| L.L., individually and on behalf of J.L. a minor,<br><br>        **Plaintiff,**<br><br>vs.<br><br>**ANTHEM BLUE CROSS LIFE and HEALTH INSURANCE COMPANY,** and the **DLA PIPER WELFARE BENEFIT PLAN,**<br>        **Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:22-CV-00208-DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff's Motion for Award of Attorney Fees and Costs [ECF No. 73]. The court does not believe that a hearing will significantly aid in its determination of the motion. The court, therefore, renders the following Memorandum Decision and Order based on the materials submitted by the parties.

## DISCUSSION

In this court's Memorandum Decision and Order granting and denying in part Plaintiff's Motion for Summary Judgment, the court remanded the case to Defendants, giving them the opportunity to review Plaintiff's claims again [ECF No. 71]. In that case, the court also refused to award any benefits, explaining that when an insurance company has denied a plaintiff benefits, failed to consider all of the evidence before it, failed to adequately explain why it denied the plaintiff claims, and failed to engage adequately with plaintiffs "the appropriate remedy is to remand [the p]laintiffs' claims." *David P. v. United Healthcare Ins. Co.*, 77 F.4th 1293, 1316

1

(10th Cir. 2023). In response to this Memorandum Order and Decision, Plaintiff's filed this motion.

I.     <u>Gordon Factors</u>

The Tenth Circuit has stated that "a decision regarding attorney's fees is premature [when] it remains to be seen whether [the plaintiff] is entitled to benefits under the plan." *Graham v. Hartford Life and Accident Ins. Co.*, 501 F.3d 1153, 1162 (10th Cir. 2007). However, in making this statement, the Tenth Circuit did "not intend to create a per se rule that attorney's fees are inappropriate whenever a district court decides to remand a claim to the plan administrator rather than ordering benefits directly." *Id*. at 1163. There are instances where the five-factor *Gordon* test permits a court to reward attorney fees for cases brought under ERISA. *Id*. Here, the case was brought under ERISA, and the court previously concluded that Defendants' failed to properly engage with Plaintiff as required by ERISA. Accordingly, the court determines that the five-factor *Gordon* test is applicable here.

The *Gordon* test requires courts to consider the following factors:

(1) The degree of the opposing party's culpability or bad faith;

(2) The opposing party's ability to satisfy an award of fees;

(3) Whether an award of fees would deter others from acting under similar circumstances;

(4) Whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and

(5) The relative merits of the parties' positions.

*Gordon v. U.S. Steel Corp.*, 724 F.2d 106, 109 (10th Cir. 1983).

As to the first factor, courts have determined that a plan administrator "acted *culpably* by applying the wrong criteria in evaluating the medical necessity of [plaintiff's] residential care, ignoring the opinions of [plaintiff's] treating physicians, and proposing post hoc rationale to justify the denial of the Plaintiff's claims." *Theo M. v. Beacon Health Options, Inc.*, 2023 U.S. Dist. LEXIS 131275 at *8 (D. Utah July 27, 2023) (citing *James F. ex rel. C.F. v. CIGNA Behavioral Health, Inc.*, No. 1:09-cv-70, 2011 U.S. Dist. LEXIS 64009, at *2 (D. Utah June 15, 2011)). A party can be culpable even if it does not act with "malice or guilty purpose" in denying benefits because it may still act in such a way that is "wrong or irresponsible." *Id*. Here, Defendants' acted irresponsibly when they refused to properly engage with Plaintiff and the evidence he submitted. Thus, Defendants acted culpably.

As to the second factor, Defendants are in a position to satisfy an award of fees. They make no argument that they are not in a position to do so. In fact, they acknowledge that "it may seem apparent" that they are able to pay an award of attorney fees. Anthem is a large health insurance company. Thus, the court can reasonably determine, without evidence, that they are in a position to satisfy an award of attorney fees.

The third factor asks courts to consider whether an award of attorney fees would deter others from acting as Defendants have under similar circumstances. *Gordon*, 724 F.2d at 109.  In an ERISA action, "often the best outcome that a plaintiff can achieve is the court's remand of the claim denial to the plan administrator." *Chandhok v. Champion Life Ins. Co.*, 556 F.Supp.3d 1192, 1125 (D. N.M. 2021). Thus, "absent the threat of a fee award [plan administrators] face few consequences following the denial of a claim." *Id*. Accordingly, an award of attorney fees can serve as a deterrent for plan administrators and help encourage them to evaluate a claim fully. *Id*.

3

The fourth factor is also met here. The court determined that Defendants failed to engage in "meaningful dialogue" with Plaintiff as required under ERISA. They disregarded evidence that Plaintiff submitted, did not address why the care J.L. received at Wingate was considered to be investigational, and overall failed to provide Plaintiff with a reasoned analysis as to why their claims were being denied. Thus, this case has clarified what is expected by claims administrators in order to fully engage in meaningful dialogue. It is, therefore, helps to resolve a significant legal question regarding ERISA.

Finally, the fifth factor, the relative merits of the parties' positions, also weighs in favor of Plaintiff. In addition to remanding Plaintiff's claim, the court determined that Defendants' conduct was arbitrary and capricious. *See Theo M.*, 2023 U.S. Dist. LEXIS 131275, at * 14. Thus, Plaintiff did achieve some success on the merits.

II.    <u>Hybrid Lodestar Method</u>

The Supreme Court has used the "hybrid lodestar" method of determining what amount of attorney fees are appropriate to award under ERISA. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This requires multiplying the "number of hours reasonably expended on the litigation by a reasonable hourly rate." *Id*. at 433. After deciding the appropriate hourly rate, the court reviews the billing records submitted by the movant and excludes any amounts that it determines are "excessive, redundant, or otherwise unnecessary." *Id*. at 434. The lodestar figure is presumptively a reasonable fee and upward or downward adjustment of the figure is proper only in rare or exceptional circumstances where there is specific evidence on the record supported by detailed findings that the lodestar figure is too high or too low. *Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Here, Mr. King charges an hourly rate of $600. Mr. King has been practicing for 38 years and his practice places a substantial focus on ERISA work. This rate, therefore, is reasonable. The associate attorneys in Mr. King's office who worked on this case, Mr. Newton and Mr. Somers, billed their time at $350 an hour and $250 an hour, respectively. These rates are all reasonable.

Plaintiff's time request totals 46.7 hours for Mr. King, 10.4 hours for Mr. Newton, and 72.6 hours for Mr. Somers. Plaintiff agreed to reduce Mr. King's hours from 56.8 hours to 46.7 hours. Defendants ask that Mr. King's hours be reduced by an additional 2.3 hours because Mr. King's timesheet includes many entries that would have been more appropriately delegated to a junior attorney or paralegal, including filing documents and preparing routine disclosures and stipulations. However, it is within Mr. King's discretion to delegate tasks to his associates or to himself. *D.K. v. United Behavioral Health*, 2023 U.S. Dist. LEXIS 178492, *7 (D. Utah Oct. 3, 2023). Accordingly, the court finds Plaintiff's time request to be reasonable.

Multiplying the hours by the hourly rates identified in the Declarations totals $49, 810 and represents the law firm's reasonable time into the case multiplied by their reasonable hourly rate. Pursuant to 28 U.S.C. §§1920 and 1924, the $400 filing fee is also recoverable as costs in this case.

## CONCLUSION

For the foregoing reasons, the court awards fees and costs to Plaintiff in the amount of $49, 810 in attorney fees and $400 in costs, for a total of $50, 210.

DATED this 21st day of August 2024.

BY THE COURT:

DALE A. KIMBALL
United States District Judge